# IN THE SUPREME COURT OF THE STATE OF NEVADA

PITER JAUREGUI CORONADO,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 76653

**FILED**

FEB 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S.Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Relying on NRS 209.4465(7)(b), appellant argues that the district court erred because the credits he earns under NRS 209.4465 must be applied to the minimum term of his sentence, thus advancing the date that he is eligible for parole. We disagree.

NRS 209.4465(7)(b) provides as a general rule that statutory credits apply to the minimum term of a sentence unless the sentencing statute specifies a minimum term that must be served before parole eligibility. *Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017) (discussing NRS 209.4465(7)(b)). Appellant is correct that the relevant sentencing statute (NRS 484C.430(1)) is silent as to parole eligibility. When an offender has been sentenced under that kind of statute, NRS 209.4465(7)(b) generally provides that statutory credits apply to the minimum term of the sentence. *Id.* at 1263-65. But in 2007, the Legislature

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-07861

adopted several exceptions to that general rule. 2007 Nev. Stat., ch. 525, § 5, at 3177 (amending NRS 209.4465(7) by adding, "*Except* as otherwise provided in subsection 8" (emphasis added), and adopting NRS 209.4465(8)); *see also Williams*, 133 Nev., Adv. Op. 75, 402 P.3d at 1264 n.6 (noting NRS 209.4465(8)'s limitation on NRS 209.4465(7)(b) for certain offenses committed after the effective date of the 2007 amendments). The exceptions set forth in NRS 209.4465(8) apply because they took effect *before* appellant committed the offense at issue. *See* 2007 Nev. Stat., ch. 525, §§ 21-22, at 3196.

In denying the petition, the district court focused on two of the exceptions in subsection (8): paragraph (c), which excludes any offender convicted of a violation of NRS 484C.430 that is punishable as a felony, and paragraph (d), which excludes any offender convicted of a category B felony. The record before us confirms that appellant was convicted of an offense that fits both of those exceptions: driving under the influence resulting in substantial bodily harm. NRS 484C.430. Accordingly, the district court correctly concluded that NRS 209.4465(8) precludes respondent from applying appellant's statutory credits to the minimum term of his sentence. And appellant's ex post facto argument lacks merit because he committed his offenses in 2017, after the effective date of the 2007 amendments. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Linda Marie Bell, Chief Judge
Piter Jauregui Coronado
Attorney General/Las Vegas
Eighth District Court Clerk